[No. 25277.   Department Two.   December 17, 1934.]

SAM MARTIN et al., Respondents, v. R. G. BRANTIGAM et al., Appellants.[1]

Shank, Belt & Rode, for appellants.

Stratton & Kane and Elmer W. Leader, for respondents.

MITCHELL, J.—This action was brought by Sam Martin and his wife to recover for damages to their automobile on account of a collision between it, while being driven by him, and the automobile of R. G. Brantigam and wife, driven by him.   Upon a trial without a jury, findings of fact, conclusions of law and judgment were entered in favor of the plaintiffs in the sum of $250.   Defendants have appealed.

The case, as presented, consists very largely of, and was decided according to, the facts, the testimony being more or less conflicting.   The decision of the trial court was that the appellant driver was guilty of

[1]Reported in 38 P. (2d) 1007.

careless, reckless and negligent driving that was the proximate cause of the accident.

The collision occurred in Kent at a right angle intersection of what is spoken of as the westerly valley road, running north and south, and the Des Moines-Kent highway, running east and west. Each highway has a pavement twenty feet wide. To one traveling south on the valley road, there were, three hundred feet north of the intersection, signs on each side of the road, reading, "Kent" and "Slow Cross -|- Roads 300 feet." On the Des Moines-Kent road going east, there was a stop sign at the margin or west edge of the intersection. The appellant ran into the intersection from the north, the respondent drove into it from the west. The intersection was an obstructed one, the obstruction consisting of a large building between the courses pursued by the parties to this action as they approached the intersection, the statutory speed limit at such intersections being fifteen miles per hour; Rem. Rev. Stat., § 6362-3 [P. C. § 196-3], subd. 2.

The accident occurred about the middle of the afternoon, in the southeast corner of the intersection, the appellants' car striking the respondents' car on the front end just as the front wheels of the respondents' car had gotten over the east edge or margin of the intersection. The respondents' car was knocked halfway around and left facing the west; the appellants' car continued its course, and came into collision with a garage and then a telephone pole nearby the garage, some seventy-five feet south and twenty-three feet east of the point at which the collision between the automobiles occurred.

Sam Martin testified that, when he first saw the appellants' car coming towards him as he stopped momentarily at the intersection, it was at the warning

sign three hundred feet north, and, "believing he had ample time to cross the intersection," he drove on, and that, *considering the time actually taken,* appellants' car must have been going, "I would say fifty miles an hour at the time I saw the car and when it struck me." He testified that was an estimate, and that he could not tell its speed when he first saw it three hundred feet away coming towards him. Mrs. Martin corroborated his testimony in nearly all important particulars, although she could not give an estimate of the speed of the appellants' car.

R. G. Brantigam's testimony as to the speed of his car at and within the intersection was indefinite and unsatisfactory, though, as we understand it, he made no estimate of it other than admitting a speed that was something in excess of the statutory limit. There are other facts and circumstances in the case favoring the judgment, which, in our opinion, need not be set out.

The conflicts in the evidence, to the extent the appellants disputed that on behalf of the respondents, were solved by the trial court in favor of the respondents, upon what appears to us to have been a fair preponderance of the evidence. It appears, by a preponderance of the evidence, that the respondent acted as a reasonably prudent person in deciding, as and when he did, that he had a fair, reasonable margin of safety in attempting to cross the intersection, and that the proximate cause of the accident was the reckless, negligent and careless driving on the part of appellant, as the trial court found and concluded.

Judgment affirmed.

BEALS, C. J., HOLCOMB, STEINERT, and BLAKE, JJ., concur.